## CIVIL DISTRICT COURT FOR THE PARISH OF

## ORLEANS STATE OF LOUISIANA

**NO. 2022-04973**                                           **DIV. L, SEC. 6**

### TANAE JACKSON

### VERSUS

### BURGER KING CORPORATION, XYZ INSURANCE COMPANY, TRAVELERS INSURANCE COMPANY, GPS HOSPITALITY PARTNERS, FCCI INSURANCE GROUP, INNOVATIVE BUILDING SOLUTIONS LLC-SOUTHEAST

**FILED:** ....................................................

                                                  **DEPUTY CLERK**

### TANAE JACKSON'S RESPONSES TO DEFENDANTS' INTERROGATORIES

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Tanae Jackson ("Plaintiff"), who hereby responds to Defendants' Interrogatories as follows:

### GENERAL OBJECTIONS

The following General Objections apply to each and every one of the Interrogatories and/or Requests For Production Of Documents ("Discovery Requests") irrespective of whether the General Objections are expressly referred to in response to the specific request. The particular objections which are set forth herein following a response are intended to amplify the General Objections and neither limit the applicability of any of the General Objections nor waive any objections which may, in addition to those set forth in each Discovery Request, be applicable to each Discovery Request.

1. Any Objections and Responses to the Discovery Requests ("Responses") are based on information presently known to Plaintiff and are given without prejudice to Plaintiff's right to supplement and/or amend her Objections and Responses, or present additional evidence or contentions at a later date in accordance with the Louisiana Rules of Civil Procedure, but without affirmatively undertaking any obligations to supplement their Responses.

2. Plaintiff objects to the Discovery Requests to the extent Defendant seeks privileged or confidential information that is protected by the attorney-client privilege, the work product doctrine, the joint or common defense privilege and/or otherwise immune from discovery.

3. Plaintiff objects to the Discovery Requests to the extent Defendant seeks disclosure of confidential, sensitive and/or proprietary business information.

4. Plaintiff objects to the Discovery Requests to the extent Defendant seeks information obtainable from documents and/or information in possession, custody or control of Defendant or which may be more readily available to Defendant from a more convenient, less burdensome and oppressive and/or less expensive source.

5. Plaintiff objects to the Discovery Requests to the extent Defendant seek information that is not in the possession, custody or control of Plaintiff or which otherwise exceeds the scope of permissible discovery as set forth in the Louisiana Rules of Civil Procedure and/or applicable jurisprudence.

6. Plaintiff objects to the Discovery Requests to the extent they are unlimited in time on grounds the Discovery Request are overly broad, burdensome, harassing and seek information which is irrelevant to the subject matter of the captioned litigation and not reasonably calculated to lead to the discovery of admissible evidence.

7. Plaintiff objects to the Discovery Request to the extent Defendant seeks information which is not within the scope of this action on grounds the Discovery Requests are overly broad, unduly burdensome, oppressive, and seeks information which is irrelevant to the subject matter of the captioned litigation and not reasonably calculated to lead to the discovery of admissible evidence.

8. Plaintiff objects to the Discovery Requests to the extent Defendant seeks information relating to policies that are not at issue in the captioned litigation, on the grounds any such inquiry is overly broad, burdensome, oppressive, and irrelevant to the subject matter of the captioned litigation and not reasonably calculated to lead to the discovery of admissible evidence.

9. Plaintiff objects to the Discovery Requests to the extent Defendant seeks information protected from disclosure under the Louisiana Rules of Civil Procedure and applicable jurisprudence, or to the extent such inquiries may be construed to impose on Plaintiff any obligations beyond those encompassed by the Louisiana Rules of Civil Procedure and applicable jurisprudence.

10. Plaintiff objects to the Discovery Requests to the extent Defendant seeks information that is protected from discovery by the attorney-client privilege, the work product doctrine and/or any other applicable privilege.

11. Plaintiff objects to the Discovery Requests insofar as they are repetitive, redundant or overlapping as to subject matter. As such, they are unduly burdensome, oppressive and/or harassing.

12. Plaintiff objects to the Discovery Requests to the extent they are overly broad. As used herein, "overly broad" means the information requested is either irrelevant to the subject matter of the captioned litigation as a whole, or is outside the scope of discovery permitted by the Louisiana Rules of Civil Procedure and applicable jurisprudence.

13. Plaintiff objects to the Discovery Requests to the extent they are burdensome and oppressive. As used herein, "unduly burdensome" or "burdensome and oppressive" means that the information sought requires an unreasonable expenditure of time and resources and is of little or no benefit to the lawsuit, such that the value of its disclosure is far outweighed by the burden of disclosing it.

14. Plaintiff objects to the Discovery Requests to the extent they use words or phrases which render them vague and ambiguous. As used herein, "vague" or "vague and ambiguous" means that a discovery request is drafted in a manner which does not with reasonable clarity convey what information is sought, so that Plaintiff is not able to ascertain with certainty the intended meaning of the Discovery Request.

15. Plaintiff's responses shall be made solely for this action. Any responsive statement given by Plaintiff is subject to all objections regarding relevance, materiality, propriety, admissibility and all other objections on any other grounds that would require excluding the statement if offered at trial. All such objections and grounds are hereby expressly reserved and may be interposed at the time of trial.

16. Plaintiff objects to the Discovery Requests to the extent she has not yet completed his investigation into the facts of this lawsuit, nor fully participated in discovery or prepared for trial and, therefore, reserves his right to amend, modify, or supplement his objections and any documents requested if he learns of new information and/or discovers additional documentation.

17. These General Objections are incorporated by reference into each Specific Objection and/or Response made herein or subsequently, as though fully set forth, regardless of whether any or all of these General Objections are repeated in any Specific Objection and/or Response. Notwithstanding any Specific Objection or Response, Plaintiff does not waive any of the General Objections made herein.

18. "Subject to the foregoing objections," or substantial language used in the following objections, means that Plaintiff will not search for or provide information that is subject of his Specific or General objections unless otherwise stated in the response, and that any information provided in response to the information or documents provided in response to the Discovery Requests or additional areas of inquiry may not be construed as a waiver of any objection.

19. Plaintiff objects to each discovery request to the extent the request requires Plaintiff to make legal conclusions or to determine whether documents have a certain legal effect in order to determine which documents to produce. Plaintiff is not required to make those determinations.

20. Plaintiff objects to each discovery request to the extent the request presumes factual bases which are untrue or contain contentions of fact or law that are contested or are argumentative or speculative. Plaintiff intends to respond in good faith to Defendant's requests, but such responses are made with the express understanding that they in no way constitute an admission, acquiescence or agreement as to the truth or validity of any of the statements contained in the discovery requests.

Without waiving any of the foregoing objections, and specifically subject thereto,

Plaintiff further responds as follows:

## RESPONSES TO INTERROGATORIES

## INTERROGATORY NUMBER 1:

Please state your:

a)      Full name;

b)      Date of Birth;

c)      Social Security Number;

d)      Medicare Health Insurance Claim No. (if any);

e)      Home address at the time of the incident;

f)      Cellular telephone number and service provider at the time of the incident;

g)      Driver's License Number and State in which it was issued;

h)      Spouse's name and the names of any former spouses;

i)      Educational background; and

j)      Marital history.

**RESPONSE TO INTERROGATORY NUMBER 1:**

Plaintiff's full name is Tanae Sundraya Jackson. Her home address is 2030 St. Anthony, New Orleans, LA 70116. Her social security number is XXX-XX-███. Her date of birth is ███████ ███ Her cell phone number is 504-564-6235 (Metro PCS). Her marital status is single. She does not have a driver's license.

**INTERROGATORY NUMBER 2:**

Identify by name and address your present employer, your employer at the time of the incident and any and all employers for the period of time of ten (10) years preceding the subject incident, and identify the position(s) you held and the corresponding job duties, the name of your immediate supervisor(s), your rate(s) of pay, the beginning and termination dates of employment, and the reason(s) for termination of employment.

**RESPONSE TO INTERROGATORY NUMBER 2:**

Plaintiff objects to this Interrogatory as overly broad and unduly burdensome to the extent it is repetitive and redundant. Additionally, Plaintiff objects to this Interrogatory as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections,

Employer: Burger King
Job Title: Cashier
Supervisor: Valentina Thompson
Dates of employment: February 2021 – June 5, 2021
Pay Rate: $8.25/hr.
Reason for leaving: Injury

**INTERROGATORY NUMBER 3:**

Please state in your own words, without referring to your petition, an incident report, or any other written document, the way in which the incident described in your petition occurred.

**RESPONSE TO INTERROGATORY NUMBER 3:**

Plaintiff objects on the grounds this Interrogatory is vague, ambiguous, and repetitive and redundant. Subject to and without waiving the foregoing objection, Plaintiff was walking near the kitchen area during her work shift at Burger King when a metal beam fell and struck her head and shoulder areas.

**INTERROGATORY NUMBER 4:**

Please state whether you consumed alcohol or drugs of any type in the 72-hour period preceding the subject incident. If answered in the affirmative, please specify the type and quantity of the substance(s) used or consumed, and the corresponding date(s) and time(s) of use or consumption. To the extent that any medication taken was prescribed or recommended by a health care professional, please so state and provide the name of and contact information for the health care professional.

**RESPONSE TO INTERROGATORY NUMBER 4:**

Plaintiff objects on the grounds that this Interrogatory is vague, ambiguous, overly broad, and irrelevant. Subject to and without waiving the foregoing objection, no.

**INTERROGATORY NUMBER 5:**

Please state whether you have been prescribed eyeglasses or corrective lenses. If so, please state whether you were wearing the prescribed eyeglasses or corrective lenses at the time of the subject incident.

**RESPONSE TO INTERROGATORY NUMBER 5:**

Plaintiff objects to this Interrogatory as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to said objections and without waiving same, Plaintiff was prescribed eyeglasses after the incident.

**INTERROGATORY NUMBER 6:**

Please state the names, addresses and telephone numbers of any witnesses to the subject incident and any other individuals at or near the scene at or near the time of the subject incident.

**RESPONSE TO INTERROGATORY NUMBER 6:**

Plaintiff objects to this Interrogatory to the extent Defendant seeks information which may be more readily available to Defendant from a more convenient, less burdensome and oppressive and/or less expensive source. Additionally, Plaintiff objects because this Interrogatory is premature since discovery is in its early stages. Subject to and without waiving the foregoing objection, Plaintiff responds as follows:

Name: Valentina Thompson (manager)
Address: Unknown
Phone: Unknown

Name: Davonte (co-worker, kitchen employee)
Address: Unknown
Phone: Unknown

Name: Danielle (manager)
Address: Unknown
Phone: Unknown

Plaintiff reserves the right to supplement this response.

**INTERROGATORY NUMBER 7:**

Please state whether or not you, your attorney, or other representative have obtained any oral or written statements from anyone concerning the incident complained of in your petition and state for each such statement obtained the name, address and telephone number of each person from whom such a statement was obtained, whether it was oral or written, the name, address and telephone number of the person who took the statement, the date and place of each statement, and the name, address and telephone number of each person presently having control or custody of such statement.

**RESPONSE TO INTERROGATORY NUMBER 7:**

Plaintiff objects to this Interrogatory as premature as discovery is still in the early stages. Subject to and without waiving the foregoing objection, Plaintiff is not in possession of any statements responsive to this Interrogatory. Plaintiff reserves the right to supplement this response.

**INTERROGATORY NUMBER 8:**

Were any photographs taken of the incident scene, and/or your injuries, and if so,

please state who has custody of those photographs, the name, address and telephone number of the photographer and the date the photographs were taken.

**RESPONSE TO INTERROGATORY NUMBER 8:**

Plaintiff objects to this Interrogatory as premature as discovery is still in the early stages. Subject to and without waiving the forgoing objection, see attached photographs. Plaintiff reserves the right to supplement this response.

**INTERROGATORY NUMBER 9:**

Describe in full all injuries allegedly suffered by you in the incident made the subject of this litigation, including the nature and extent of each such injury, the area of the body affected, and any impairment of function which you claim has resulted from the injuries.

**RESPONSE TO INTERROGATORY NUMBER 9:**

Plaintiff objects to this Interrogatory to the extent it calls for medical expert opinions. Additionally, Plaintiff objects on the grounds that it is unduly burdensome to the extent it is repetitive and redundant. Subject to and without waiving the foregoing objections, Plaintiff suffered injuries to her neck, head, shoulder, and back and directs Defendants to her attached medical records. Plaintiff reserves the right to supplement this response.

**INTERROGATORY NUMBER 10:**

What are the names and addresses of each of your health care providers (including, but in no way limited to ambulance providers, hospitals, emergency rooms, physicians, counselors, psychologists, chiropractors, physical therapists, home health providers, diagnostic facilities, and laboratories) for the last ten (10) years.

**RESPONSE TO INTERROGATORY NUMBER 10:**

Plaintiff objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome to the extent it is repetitive and redundant. Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

1) Baptist Community Health Center – Lower 9th Ward
   4960 St. Claude Avenue
   New Orleans, Louisiana 70117

2) Shamsnia Neurology, LLC
   2909 Kingman Street, Ste. 2
   Metairie, Louisiana 70006

3) Baptist Community Health Services – Sanchez Center
   1616 Fats Domino Avenue

New Orleans, Louisiana 70117

4) Tulane Medical Center
   1415 Tulane Avenue
   New Orleans, Louisiana 70112

5) Ochsner Health Center
   8050 W. Judge Perez Drive
   Chalmette, Louisiana 70043

Plaintiff reserves the right to supplement this response.

## INTERROGATORY NUMBER 11:

Please describe your health prior to the subject incident and, if a previous injury, disease, illness or condition is claimed to have been aggravated or accelerated, specify in detail the nature of each, and the name and present address of each doctor, if any, who rendered treatment for the condition prior to and subsequent to the subject incident.

## RESPONSE TO INTERROGATORY NUMBER 11:

Plaintiff objects to this Interrogatory to the extent it calls for medical expert opinions. Additionally, Plaintiff objects on the grounds that it is unduly burdensome to the extent it is repetitive and redundant. Subject to and without waiving the foregoing objections, Plaintiff directs Defendants to her attached medical records. Plaintiff reserves the right to supplement this response.

## INTERROGATORY NUMBER 12:

List all medications prescribed to you at the time of the subject incident, provide the name of the physician who prescribed each, and state the last time you took each prior to the subject incident.

## RESPONSE TO INTERROGATORY NUMBER 12:

Plaintiff objects to this Interrogatory to the extent Defendant seeks information which may be more readily available to Defendant from a more convenient, less burdensome and oppressive and/or less expensive source. Subject to and without waiving the foregoing objection, see Plaintiff's attached medical records. Plaintiff reserves the right to supplement this response.

## INTERROGATORY NUMBER 13:

Please state the name, address, and telephone number of every pharmacy with whom you have obtained prescription medication within the past ten (10) years.

**RESPONSE TO INTERROGATORY NUMBER 13:**
Plaintiff objects to this response as far outside the time frame that would be relevant to the accident. Plaintiff does not recall the exact locations of all the pharmacies she has filled prescriptions at since 2012. However, she recalls that she generally has her prescriptions filled at various Walgreens and CVS Pharmacies.

**INTERROGATORY NUMBER 14:**

Itemize and state the amount of all fees, charges and/or expenses for each health care provider through and including the present time which you relate to the subject incident and specify those which you seek to recover through this litigation.

**RESPONSE TO INTERROGATORY NUMBER 14:**
Plaintiff objects to this Interrogatory to the extent Defendant seeks information which may be more readily available to Defendant from a more convenient, less burdensome and oppressive and/or less expensive source. Additionally, Plaintiff objects to this Interrogatory as premature since her treatment is ongoing and she does not yet know the final fees and expenses incurred as a result of the incident. Subject to and without waiving the foregoing objection, see Plaintiff's attached medical records and medical bills. Plaintiff reserves the right to supplement this response.

**INTERROGATORY NUMBER 15:**

Are you asserting a claim for lost wages or earning capacity? If so, please state how much time, if any, you have lost from work as a result of the subject incident and the amount of lost wages or earnings you have incurred and the name of your employer, and identify any expert you have retained or intend to retain to offer opinions regarding your wage or earnings loss claim.

**RESPONSE TO INTERROGATORY NUMBER 15:**
Plaintiff objects to this Interrogatory on the grounds it is repetitive, redundant, and unduly burdensome. Subject to the foregoing objection and without waiving same, Plaintiff responds as follows: Employer: Burger King

Job Title: Cashier
Supervisor: Valentina Thompson
Dates of employment: February 2021 – June 5, 2021

Pay Rate: $8.25/hr.
Reason for leaving: Injury

Plaintiff reserves the right to supplement this response.

**INTERROGATORY NUMBER 16:**

Please itemize each element of damages you seek to recover through this litigation, including all damages of any type whatsoever.

**RESPONSE TO INTERROGATORY NUMBER 16:**

Plaintiff objects to this Interrogatory as repetitive and to the extent Defendant seeks information which may be more readily available to Defendant from a more convenient, less burdensome and oppressive and/or less expensive source. Additionally, Plaintiff objects to this Interrogatory as premature since her treatment is ongoing and she does not yet know the final fees and expenses incurred as a result of the incident. Subject to and without waiving the foregoing objection, see Plaintiff's attached medical records and medical bills. Plaintiff reserves the right to supplement this response.

**INTERROGATORY NUMBER 17:**

Please state whether you have a claim presented in this case valued:(a) less than $50,000; (b) $50,000 - $74,999.99; (c) greater or equal to $75,000.

**RESPONSE TO INTERROGATORY NUMBER 17:**

Plaintiff objects to this Interrogatory on the grounds of prematurity as her treatment is ongoing and she does not know the final fees and expenses incurred as a result of the incident.

**INTERROGATORY NUMBER 18:**

Please list all persons who may testify at trial on your behalf, their names, addresses, and telephone numbers, and the substance of the facts or opinions you intend to establish through their testimony. With respect to each expert witness identified in your responses to these Interrogatories or who is otherwise anticipated to testify at the time of trial, please state the name, address, telephone number, and occupation of each expert; the expert's area of expertise; the subject matter on which each expert is expected to testify; the substance of the facts to which each expert is expected to testify; the substance of the opinions to which each expert is expected to testify; a summary of the grounds for each opinion; and identify all documents and photographs which refer or relate to those facts.

*(Specific reference is made to Louisiana Code of Civil Procedure Article 1428 requiring*

*supplementation of your response to this Interrogatory.)*

## RESPONSE TO INTERROGATORY NUMBER 18:

Plaintiff objects to the Interrogatory on the grounds it is repetitive, redundant, and unduly burdensome. Additionally, Plaintiff objects to this Interrogatory as premature as discovery is still in the early stages. Subject to and without waiving the foregoing objections, Plaintiff does not yet know which witnesses she may call at trial and will supplement this response to the full extent required by the Louisiana Rules of Civil Procedure and any scheduling orders in this matter. Subject to the foregoing objections and without waiving same:

Plaintiff
Corporate representative of Defendant (TBD)
Defendant's employees working at the burger king location (TBD)

Plaintiff's Mother  - Dana Tibbet
Address: 2030 St. Anthony, New Orleans, LA 70116
Phone: 504-564-6235

Name: Former Burger King Manager (TBD)
Address: Unknown
Phone: Unknown
Relationship: Former manager

Name: Former Burger King Employee(s) (TBD)
Address: Unknown
Phone: Unknown
Relationship: Former co-workers

## INTERROGATORY NUMBER 19:

Please  list any and all documentary  evidence which you  may  introduce  at trial; fully describe each such document; and list the name and address of the person having possession of the original or any copies thereof; in addition, please describe the substance of the facts you intend to establish through the introduction of each document and the name and address of the person you intend to have identify and/or authenticate the document at the time of trial.

## RESPONSE TO INTERROGATORY NUMBER 19:

Plaintiff objects to this Interrogatory as premature as discovery is still in the early stages. Subject to and without waiving the forgoing objection, Plaintiff does not yet know which evidence she may introduce at trial and will supplement this response to the full extent required by the Louisiana Rules of Civil Procedure and any scheduling orders in this matter. Subject to the foregoing and without waiving same, see the attached medical records, photographs of beam, and photographs of site.

**INTERROGATORY NUMBER 20:**

Please describe any claim and state the title, court and docket number of any personal injury litigation you have ever been involved in. With respect to each claim or lawsuit, state:

    a.  The date, location, and nature of the occurrence made the subject of the suit;

    b.  The name of each party to the litigation;

    c.  The amount and the name of the recipient of any judgment or settlement; and

    d.  The type(s) of personal injuries claimed as a result of the incident made the subject of the suit.

**RESPONSE TO INTERROGATORY NUMBER 20:**

Plaintiff objects to this Interrogatory as overly broad and seeks information which is irrelevant to the subject matter of the captioned litigation and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiting the foregoing objections, Plaintiff does not recall filing any lawsuit or formal claim responsive to this Interrogatory.

**INTERROGATORY NUIVIBER 21:**

Please state whether you have been involved in any accidents or sustained any personal injuries/mental anguish either before or after the subject incident/injury complained of in your petition and for each please state:

    a.  The date and location of the accident and/or incident;

    b.  A description of the injuries you sustained;

    c.  A description of the accident and/or incident;

    d.  Whether any report was generated in connection with the accident and/or incident and, if so, the identity of the individual or entity which prepared the report; and

    e.  Whether you submitted a claim to any insurance company, employer, or worker's compensation carrier as a result of the accident or injury. If so, please state: (1) the company against who the claim was made; (2) the claim number and insurance policy number; (3) the status and/or result of each claim.

**RESPONSE TO INTERROGATORY NUMBER 21:**

Plaintiff objects to this Interrogatory as irrelevant, repetitive, vague, and ambiguous. Subject to and without waiving the foregoing objections, no.

**INTERROGATORY NUMBER 22:**

Has any insurance company, union, or other person, firm, or corporation paid or reimbursed you or anyone on your behalf, or become obliged to pay or reimburse you or anyone on your behalf, for any sums of money (other than medical or hospital expenses) as a result of the incident which gives rise to the lawsuit? If the answer is in the affirmative, please list each such sum of money, itemizing date(s) received, the nature of the obligation giving rise to the payment or reimbursements, and the name and address of the insurance company, union, or other person, firm, or corporation which as paid or is obligated for the payment or reimbursement of such sums of money.

**RESPONSE TO INTERROGATORY NUMBER 22:**
Plaintiff is not aware of any transactions responsive to this Interrogatory.

**INTERROGATORY NUMBER 23:**

Please state the name, address, policy number, and group number of any health insurance provider who provides or provided health insurance benefits to plaintiff for the preceding ten (10) years.

**RESPONSE TO INTERROGATORY NUMBER 23:**
Plaintiff objects to this Interrogatory to the extent it seeks information obtainable from documents and/or information which may be more readily available to Defendant from a more convenient, less burdensome and oppressive and/or less expensive source. Subject to and without waiving the foregoing objection, see the below response and attached medical records:

Healthy Blue of LA
Ins. #: XHB726728976
Policy/Group #: LAMCD000

Plaintiff reserves the right to supplement this response.

**INTERROGATORY NUMBER 24:**

Please state whether you are currently on Medicare or Medicaid, or whether you are currently eligible to receive Medicare or Medicaid Benefits. If yes, please state:

    a. The date you became, or will become, eligible to receive Medicare or Medicaid Benefits;

    b. The amount of such payments to date;

    c. Your HICN number; and

d. Whether Medicare or Medicaid has paid any medical expenses incurred as a result of the subject incident.

**RESPONSE TO INTERROGATORY NUMBER 24:**

Plaintiff objects to this Interrogatory to the extent it seeks information obtainable from documents and/or information which may be more readily available to Defendant from a more convenient, less burdensome and oppressive and/or less expensive source. Subject to and without waiving the foregoing objection, see Plaintiff's response to Interrogatory No. 23 and the attached medical bills and medical records.

**INTERROGATORY NUMBER 25:**

Have you applied for Social Security Disability Insurance Benefits? If yes, please state the disposition of the application and, if approved, state the date you began receiving Social Security Disability Insurance Benefits and the amount of the benefits.

**RESPONSE TO INTERROGATORY NUMBER 25:**

Plaintiff objects to this Interrogatory to the extent Defendant seeks information which may be more readily available to Defendant from a more convenient, less burdensome and oppressive and/or less expensive source. Subject to the foregoing objection, no.

**INTERROGATORY NUMBER 26:**

Identify all cellular phones owned by you or otherwise available for your use at or near the time of the subject accident, stating for each the telephone number of the phone, the name of the cellular phone service provider, the account number and the name of the account holder.

**RESPONSE TO INTERROGATORY NUMBER 26:**

Plaintiff objects to this Interrogatory as it is overly broad and seeks information which is irrelevant to the subject matter of the captioned litigation and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiting the foregoing objections, see Plaintiff's response to Interrogatory No. 1.

**INTERROGATORY NUMBER 27:**

Identify the user name and email address for any social networking account (including, but not limited to, Facebook, LinkedIn, Twitter, My Space, Google Plus+, Pinterest,

LiveJournal and/or Blogger.com) maintained by you, or accessed or used by you, for the past 10 years.

**RESPONSE TO INTERROGATORY NUMBER 27:**

Plaintiff objects to this Interrogatory as it is overly broad and seeks information which is irrelevant to the subject matter of the captioned litigation and not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NUMBER 28:**

Please identify all health club and/or gym memberships held by you for the last seven years.

**RESPONSE TO INTERROGATORY NUMBER 28:**

Plaintiff objects to this Interrogatory as it is overly broad and seeks information which is irrelevant to the subject matter of the captioned litigation and not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objection, Plaintiff does not recall having a gym membership in the past seven (7) years.

**INTERROGATORY NUMBER 29:**

Please detail all communications with defendant(s) that relate to the subject incident or which you contend establish liability on the part of the defendant(s).

**RESPONSE TO INTERROGATORY NUMBER 29:**

Plaintiff is not in possession of communications responsive to this Interrogatory. Plaintiff reserves the right to supplement this response.

Respectfully submitted,

*/s/ Jamie F. Gontarek*

_____

**UNGLESBY LAW FIRM**
Jamie F. Gontarek (#37136)
Lewis O. Unglesby (#29690)
Lance C. Unglesby (#12498)
Ashley M. Fisher (#39722)
246 Napoleon Street
Baton Rouge, Louisiana 70802
Telephone: (225) 387-0120
Facsimile: (225) 336-4355
Lisa@unglesbylaw.com
Lance@unglesbylaw.com
Jamie@unglesbylaw.com
Ashley@unglesbylaw.com

**ATTORNEYS FOR PLAINTIFF,**
**TANAE JACKSON**

**CERTIFICATE OF SERVICE**

I certify that a copy of the above and foregoing Discovery responses for Plaintiff, Tanae Jackson, has been served upon counsel for all parties via fax, US mail, and/or electronic means, on this 7th day of December, 2022.

*/s/ Jamie F. Gontarek*
_____

**CIVIL DISTRICT COURT FOR THE PARISH OF**

**ORLEANS STATE OF LOUISIANA**

NO. 2022-04973                                     DIV. L, SEC. 6

**TANAE JACKSON**

**VERSUS**

**BURGER KING CORPORATION, XYZ INSURANCE COMPANY,
TRAVELERS INSURANCE COMPANY, GPS HOSPITALITY PARTNERS,
FCCI INSURANCE GROUP, INNOVATIVE BUILDING SOLUTIONS LLC-
SOUTHEAST**

**FILED: _____**

_____
**DEPUTY CLERK**

**PLAINTIFF'S REPONSES TO DEFENDANTS'
REQUESTS FOR PRODUCTION OF DOCUMENTS**

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Tanae Jackson ("Plaintiff"), who hereby responds to Defendants' Requests for Production of Documents as follows:

**GENERAL OBJECTIONS**

The following General Objections apply to each and every one of the Interrogatories and/or Requests For Production Of Documents ("Discovery Requests") irrespective of whether the General Objections are expressly referred to in response to the specific request. The particular objections which are set forth herein following a response are intended to amplify the General Objections and neither limit the applicability of any of the General Objections nor waive any objections which may, in addition to those set forth in each Discovery Request, be applicable to each Discovery Request.

1. Any Objections and Responses to the Discovery Requests ("Responses") are based on information presently known to Plaintiff and are given without prejudice to Plaintiff's right to supplement and/or amend her Objections and Responses, or present additional evidence or contentions at a later date in accordance with the Louisiana Rules of Civil Procedure, but without affirmatively undertaking any obligations to supplement their Responses.

2. Plaintiff objects to the Discovery Requests to the extent Defendant seeks privileged or confidential information that is protected by the attorney-client privilege, the work product doctrine, the joint or common defense privilege and/or otherwise immune from discovery.

3. Plaintiff objects to the Discovery Requests to the extent Defendant seeks disclosure

of confidential, sensitive and/or proprietary business information.

4. Plaintiff objects to the Discovery Requests to the extent Defendant seeks information obtainable from documents and/or information in possession, custody or control of Defendant or which may be more readily available to Defendant from a more convenient, less burdensome and oppressive and/or less expensive source.

5. Plaintiff objects to the Discovery Requests to the extent Defendant seek information that is not in the possession, custody or control of Plaintiff or which otherwise exceeds the scope of permissible discovery as set forth in the Louisiana Rules of Civil Procedure and/or applicable jurisprudence.

6. Plaintiff objects to the Discovery Requests to the extent they are unlimited in time on grounds the Discovery Request are overly broad, burdensome, harassing and seek information which is irrelevant to the subject matter of the captioned litigation and not reasonably calculated to lead to the discovery of admissible evidence.

7. Plaintiff objects to the Discovery Request to the extent Defendant seeks information which is not within the scope of this action on grounds the Discovery Requests are overly broad, unduly burdensome, oppressive, and seeks information which is irrelevant to the subject matter of the captioned litigation and not reasonably calculated to lead to the discovery of admissible evidence.

8. Plaintiff objects to the Discovery Requests to the extent Defendant seeks information relating to policies that are not at issue in the captioned litigation, on the grounds any such inquiry is overly broad, burdensome, oppressive, and irrelevant to the subject matter of the captioned litigation and not reasonably calculated to lead to the discovery of admissible evidence.

9. Plaintiff objects to the Discovery Requests to the extent Defendant seeks information protected from disclosure under the Louisiana Rules of Civil Procedure and applicable jurisprudence, or to the extent such inquiries may be construed to impose on Plaintiff any obligations beyond those encompassed by the Louisiana Rules of Civil Procedure and applicable jurisprudence.

10. Plaintiff objects to the Discovery Requests to the extent Defendant seeks information that is protected from discovery by the attorney-client privilege, the work product doctrine and/or any other applicable privilege.

11. Plaintiff objects to the Discovery Requests insofar as they are repetitive, redundant or overlapping as to subject matter. As such, they are unduly burdensome, oppressive and/or harassing.

12. Plaintiff objects to the Discovery Requests to the extent they are overly broad. As used herein, "overly broad" means the information requested is either irrelevant to the subject matter of the captioned litigation as a whole, or is outside the scope of discovery permitted by the Louisiana Rules of Civil Procedure and applicable jurisprudence.

13. Plaintiff objects to the Discovery Requests to the extent they are burdensome and oppressive. As used herein, "unduly burdensome" or "burdensome and oppressive" means that the information sought requires an unreasonable expenditure of time and resources and is of little or no benefit to the lawsuit, such that the value of its disclosure is far outweighed by the burden of disclosing it.

14. Plaintiff objects to the Discovery Requests to the extent they use words or phrases which render them vague and ambiguous. As used herein, "vague" or "vague and ambiguous" means that a discovery request is drafted in a manner which does not with reasonable clarity convey what information is sought, so that Plaintiff is not able to ascertain with certainty the intended meaning of the Discovery Request.

15. Plaintiff's responses shall be made solely for this action. Any responsive statement given by Plaintiff is subject to all objections regarding relevance, materiality, propriety, admissibility and all other objections on any other grounds that would require excluding the statement if offered at trial. All such objections and grounds are hereby expressly reserved and may be interposed at the time of trial.

16. Plaintiff objects to the Discovery Requests to the extent she has not yet completed his investigation into the facts of this lawsuit, nor fully participated in discovery or prepared for trial and, therefore, reserves his right to amend, modify, or supplement his objections and any documents requested if he learns of new information and/or discovers additional documentation.

17. These General Objections are incorporated by reference into each Specific Objection and/or Response made herein or subsequently, as though fully set forth, regardless of whether any or all of these General Objections are repeated in any Specific Objection and/or Response. Notwithstanding any Specific Objection or Response, Plaintiff does not waive any of the General Objections made herein.

18. "Subject to the foregoing objections," or substantial language used in the following objections, means that Plaintiff will not search for or provide information that is subject of his Specific or General objections unless otherwise stated in the response, and that any information provided in response to the information or documents provided in response to the Discovery Requests or additional areas of inquiry may not be construed as a waiver of any objection.

19. Plaintiff objects to each discovery request to the extent the request requires Plaintiff to make legal conclusions or to determine whether documents have a certain legal effect in order to determine which documents to produce. Plaintiff is not required to make those determinations.

20. Plaintiff objects to each discovery request to the extent the request presumes factual bases which are untrue or contain contentions of fact or law that are contested or are argumentative or speculative. Plaintiff intends to respond in good faith to Defendant's requests, but such responses are made with the express understanding that they in no way constitute an admission, acquiescence or agreement as to the truth or validity of any of the statements contained in the discovery requests.

    Without waiving any of the foregoing objections, and specifically subject thereto,

Plaintiff further responds as follows:


## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

## REQUEST FOR PRODUCTION NUMBER 1:

    Please produce any and all medical records, including but in no way limited to reports,

charts, prescriptions, and diagnostic films, including but not limited to X-ray films, CAT scan

films, MRI films, and myelograms films, which you have in your possession and which pertain to any treatment provided to you in connection with the subject incident.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

See attached medical records.

**REQUEST FOR PRODUCTION NUMBER 2:**

Please produce any and all medical records, including but in no way limited to reports, charts, prescriptions, and diagnostic films, including but not limited to X-ray films, CAT scan films, MRI films, and myelograms films, which you have in your possession and which pertain to any treatment provided to you over the past ten (10) years, excluding those related to treatment sought in connection with the subject incident.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

See attached medical records.

**REQUEST FOR PRODUCTION NUMBER 3:**

Please provide copies of any and all medical bills, invoices, cancelled checks, etc., which you contend are related to medical treatment you received as a result of the incident made the subject of your petition for damages filed herein.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

See attached medical bills.

**REQUEST FOR PRODUCTION NUMBER 4:**

Please produce any and all business records, receipts, contracts, cancelled checks, agreements and related documents which support any claim for lost wages and/or earning capacity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Plaintiff is not in possession of documents responsive to this Request.

**REQUEST FOR PRODUCTION NUMBER 5:**

Please produce all documents pertaining to the extent of damages alleged to have been sustained by you as a result of the incident made the subject of the present lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Plaintiff objects to this Request as premature as discovery is still in the early stages. Subject to and without waiving the forgoing objection, see attached medical records and medical bills.

**REQUEST FOR PRODUCTION NUMBER 6:**

Please produce all W2s, tax records, or other documents that reflect the amount of income or wages earned by you during the last ten (10) years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Plaintiff is not in possession of documents responsive to this Request.

**REQUEST FOR PRODUCTION NUMBER 7:**

Please produce any settlement and/or release documents m favor of any person, corporation, insurance company, or other entity with respect to the incident presently in litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Plaintiff is not in possession of documents responsive to this Request.

**REQUEST FOR PRODUCTION NUMBER 8:**

Please produce copies of any checks received in settlement regarding this incident.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

No documents responsive to this Request exist.

**REQUEST FOR PRODUCTION NUMBER 9:**

Please provide a copy of any and all lawsuits in which you have been a party as either a plaintiff or a defendant.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

No documents responsive to this Request exist.

**REQUEST FOR PRODUCTION NUMBER 10:**

Please provide a copy of your driver's license and/or state identification card.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

See attached state identification card.

**REQUEST FOR PRODUCTION NUMBER 11:**

Please provide a clear photocopy (both sides) of any health insurance card for

you, including any Medicare or Medicaid or private health insurance card.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

See attached health insurance card.

**REQUEST FOR PRODUCTION NUMBER 12:**

Please provide color copies of all photographs, videotapes, motion pictures, computer-generated animations, or other graphic representations in your possession or in the possession of your counsel or expert which depict:

(a) the incident scene, including diagrams, blueprints, surveys, or drawings; and

(b) any reconstruction or recreation of the incident sequence of events.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

See attached photograph of incident scene.

**REQUEST FOR PRODUCTION NUMBER 13:**

Please provide color copies of all photographs or videotapes in your possession or in the possession of your counsel which depict physical injuries you alleged to have sustained as a result of the subject incident.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

See attached photographs.

**REQUEST FOR PRODUCTION NUMBER 14:**

Please provide all statements obtained by or on behalf of plaintiff through her agents, representatives, employees, officers, adjusters and/or attorneys from anyone, including eyewitnesses, regarding the subject incident.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Plaintiff is not in possession of statements responsive to this Request.

**REQUEST FOR PRODUCTION NUMBER 15:**

Please produce copies of the following documents for each expert witness contacted or retained by you and whom you expect to call at trial:

a)      The expert's complete file in this case, including without limitation all notes, correspondence, emails, medical records, documents, test results, calculations,

animations, computer simulations, experiments, demonstrations, photographs, movies, videotapes, or any other items gathered, furnished, tested, or created in the course of the expert's investigation in this case.

b) Any and all reports, either preliminary or final, created or authored by the expert

or other business entity in this case.

c) Copies of all documents and materials which may be used by the expert as demonstrations or exhibits or to aid you in testifying in this case.

d) Copies of all items, documents, reports, articles, treatises, and manuals on which the expert relies upon in forming his/her conclusions and opinions in this case.

e) The expert's curriculum vitae or statement of professional background.

f) The expert's billing file or invoices to date in this matter reflecting time expended.

g) A listing of any other cases in which the expert has testified as an expert at trial or

by deposition within the preceding four (4) years.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 15:

Plaintiff objects to this Request as premature as discovery is still in the early stages. Subject to and without waiving the forgoing objection, Plaintiff does not yet know which experts she may introduce at trial and will supplement this response to the full extend required by the Louisiana Rules of Civil Procedure and any scheduling orders in this matter.

## REQUEST FOR PRODUCTION NUMBER 16:

Please produce any and all exhibits which you may or will seek to introduce at the trial of this matter.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 16:

See attached medical records, photographs of beam, and photographs of site.

## REQUEST FOR PRODUCTION NUMBER 17:

Please provide copies of all documents used or referred to in answering

the accompanying interrogatories.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Plaintiff objects to this Request on the grounds it is repetitive, redundant, and unduly burdensome. Subject to the foregoing objection and without waiving same, see attached documents.

**REQUEST FOR PRODUCTION NUMBER 18:**

Please execute the attached medical authorizations, including those specified for Wal- Mart Pharmacy, Walgreens Pharmacy, CVS Pharmacy, and Target Pharmacy.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

See attached signed authorization forms.

**REQUEST FOR PRODUCTION NUMBER 19:**

Please execute the attached SSA-7050-Request for Social Security Earnings and SSA- 3288-Consent for Release of Information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

See attached signed authorization form.

**REQUEST FOR PRODUCTION NUMBER 20**

Please execute the attached IRS Form 4506-Request for Copy of Tax Return.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

See attached signed authorization form.

**REQUEST FOR PRODUCTION NUMBER 21:**

Please execute the attached employment records release authorization.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

See attached signed authorization form.

**REQUEST FOR PRODUCTION NUMBER 22:**

Please execute the attached Medicare forms, including Consent to Release, Authorization to Disclose Personal Health Information, and CMS Reporting Form. (**NOTE:** Please completely fill out Section I of the CMS Reporting Form.)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

See attached signed authorization form.

## REQUEST FOR PRODUCTION NUMBER 23:

Please produce a download of your complete profile for any social networking accounts identified in the accompanying interrogatories (including, but not limited to, Facebook, LinkedIn, Snapchat, Instagram, Fitbit, Twitter, My Space, Google Plus+, Pinterest, LiveJournal, Blogger.com, and/or any and all blogs or other electronic memberships). Facebook offers the following instructions for completing the download:

**How can I download my information from Facebook?**
You can download your information from your settings. To download your information:

1. Click... at the top right of any Facebook page and select **Settings**

2. Click **Download a copy of your Facebook data** below your General Account Settings

3. Click **Start My Archive**

You will be prompted to enter your password to verify your identity, and will then receive a link in an email at the email address associated with your account. After clicking to follow the link, you will be prompted to enter your login information and may then download your data as a zip

file. Once the zip file is received, forward it to vaw@mcsalaw.com.

You are hereby put on notice that deleting anything from your account from this point forward (including but not limited to posts, status updates, mail messages, photographs, friends, links, blogs, etc.) may be considered spoliation of evidence and your counsel has an ethical obligation to ensure that all evidence is preserved.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 23:

Plaintiff objects to this Request as it is overly broad and seeks information which is irrelevant to the subject matter of the captioned litigation and not reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST FOR PRODUCTION NUMBER 24:

Produce any bills or other records for the month of the subject incident pertaining to any cellular phones owned by you or otherwise available for your use.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

`        Plaintiff objects to this Interrogatory as it is overly broad and seeks information which is irrelevant to the subject matter of the captioned litigation and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NUMBER 25:**

Please produce all communications to or from defendant(s) or any of defendant's owners, managers, employees, agents, or insurers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Plaintiff is not in possession of communications responsive to this Request.

**REQUEST FOR PRODUCTION NUMBER 26:**

Please execute the attached Verification, confirming that you have read the answers to these requests for production and the accompanying interrogatories and have confirmed that those answers are true and correct.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Will supplement upon receipt from client.

Respectfully submitted,

*/s/ Jamie F. Gontarek*

_____
**UNGLESBY LAW FIRM**
Jamie F. Gontarek (#37136)
Lewis O. Unglesby (#29690)
Lance C. Unglesby (#12498)
Ashley M. Fisher (#39722)
246 Napoleon Street
Baton Rouge, Louisiana 70802
Telephone: (225) 387-0120
Facsimile: (225) 336-4355
Lisa@unglesbylaw.com
Lance@unglesbylaw.com
Jamie@unglesbylaw.com
Ashley@unglesbylaw.com

**ATTORNEYS FOR PLAINTIFF,
TANAE JACKSON**

## CERTIFICATE OF SERVICE

I certify that a copy of the above and foregoing Discovery responses for Plaintiff, Tanae Jackson, has been served upon counsel for all parties via fax, US mail, and/or electronic means, on this 7th day of December, 2022.

/s/ Jamie F. Gontarek_____

**CIVIL DISTRICT COURT FOR THE PARISH OF**

**ORLEANS STATE OF LOUISIANA**

**NO. 2022-04973**                                        **DIV. L, SEC. 6**

**TANAE JACKSON**

**VERSUS**

**BURGER KING CORPORATION, XYZ INSURANCE COMPANY,
TRAVELERS INSURANCE COMPANY, GPS HOSPITALITY PARTNERS,
FCCI INSURANCE GROUP, INNOVATIVE BUILDING SOLUTIONS LLC-
SOUTHEAST**

**FILED:** _____                          _____
                                                              **DEPUTY CLERK**

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Tanae Jackson

("Plaintiff"), who hereby responds to Defendants' Requests for Admissions as follows:

## RESPONSES TO REQUESTS FOR ADMISSIONS

### REQUEST FOR ADMISSION NO. 1:

Please admit or deny that the amount in controversy in this matter exceeds $75,000,

exclusive of interests and costs.

### RESPONSE TO REQUEST FOR ADMISSION NO. 1:

Plaintiff objects to this request for admission on the grounds of prematurity as her treatment is ongoing

and she does not know the final fees and expenses and treatment costs incurred as a result of the incident.

Respectfully submitted,

*/s/ Jamie F. Gontarek*
_____
**UNGLESBY LAW FIRM**
Jamie F. Gontarek (#37136)
Lewis O. Unglesby (#29690)
Lance C. Unglesby (#12498)
Ashley M. Fisher (#39722)
246 Napoleon Street
Baton Rouge, Louisiana 70802
Telephone: (225) 387-0120
Facsimile: (225) 336-4355
Lisa@unglesbylaw.com
Lance@unglesbylaw.com
Jamie@unglesbylaw.com
Ashley@unglesbylaw.com

**ATTORNEYS FOR PLAINTIFF,
TANAE JACKSON**

## CERTIFICATE OF SERVICE

I certify that a copy of the above and foregoing Discovery responses for Plaintiff, Tanae

Jackson, has been served upon counsel for all parties via fax, US mail, and/or electronic means, on this 7th day of December, 2022.

*/s/ Jamie F. Gontarek*