UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TANAE JACKSON | * | CIVIL ACTION NO.: 2:23-cv-905 |
| | * | |
| PLAINTIFF | * | DISTRICT JUDGE: |
| VERSUS | * | ELDON E. FALLON |
| | * | |
| BURGER KING CORP., XYZ; | * | MAGISTRATE JUDGE: |
| INSURANCE COMPANY, TRAVELERS | * | KAREN WELLS ROBY |
| INS. CO., GPS HOSPITALITY | * | |
| PARTNERS, FCCI INSURANCE | * | |
| GROUP, INNOVATIVE BUILDING | * | |
| SOLUTIONS, LLC-SOUTHEAST | * | |
| | * | |
| DEFENDANTS | * | |

## ORDER AND REASONS

Before the Court is Plaintiff Tanae Jackson's Motion to Remand this matter back to Louisiana state court. R. Doc. 6. Defendants have responded in opposition. R. Doc. 9. Having considered the briefing and the applicable law, the Court rules as follows.

I.   BACKGROUND

This matter arises from injuries Plaintiff allegedly suffered while working at Burger King. Plaintiff alleges that she was hit by a falling beam being installed by Defendant Innovative Building Solutions and sustained physical injuries to her head, shoulder, neck, arm, and vision, as well as emotional and psychological injuries. Plaintiff originally filed this matter in state court, but Defendants removed it to federal court based on diversity of citizenship and an amount in controversy of over $75,000.

Plaintiff now moves this Court to remand this matter back to state court. Plaintiff does not contest that diversity of citizenship exists, nor that the matter in controversy is sufficient for

federal jurisdiction. Instead, Plaintiff asserts that Defendants' notice of removal was untimely filed.

## II.     DISCUSSION

28 U.S.C. § 1446 provides the time limits for filing a notice of removal. Where the basis for removal is not immediately apparent from the plaintiff's initial pleading, as the parties agree is the case here, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. 28 U.S.C. § 1446(b)(3). Here, the parties disagree about from which "other paper" Defendants could first have ascertained that this case was removable. Plaintiff asserts that Defendants was put on notice that damages could reasonably meet or exceed the $75,000 amount in controversy requirement upon receipt of Plaintiff's medical records via discovery, 93 days before the filing of the notice of removal. On the other hand, Defendants argue that the "other paper" from which they could first have ascertained that this case was removable was the transcript of Plaintiff's deposition, which they received only 15 days before filing their notice of removal, rendering removal timely under Section 1446.

Plaintiff essentially argues that Defendants should have read between the lines of her medical records and calculated that her damages would amount to more than $75,000. But, as Defendants point out, in the same discovery responses which contained those medical records, when Plaintiff was explicitly asked by Defendants whether her damages exceeded $75,000, Plaintiff responded that she "object[ed] to this request for admission on the grounds of prematurity as her treatment is ongoing and she does not know the final fees and expenses and treatment costs incurred as a result of the incident." R. Doc. 9-1 at 10. Plaintiff cannot now credibly argue that Defendants

should have ascertained from her discovery responses that her damages exceeded $75,000 when she explicitly claimed that such was unknowable at that time. The "other paper" from which Defendants could first have ascertained that this case was removable was thus Plaintiff's deposition, during which Plaintiff testified specifically to the extent and nature of her claimed injuries. Accordingly, Defendants' notice of removal was timely filed.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand, R. Doc. 6, is hereby **DENIED**.

New Orleans, Louisiana, this 10th day of May, 2023.

_____
United States District Judge