UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TANAE JACKSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-905** |
| **BURGER KING CORP., ET AL** | **SECTION: "P" (4)** |

## ORDER AND REASONS

Before the Court is the Motion *in Limine* to Exclude Plaintiff's Expert Reports and Testimony or, Alternatively, to Extend Defendants' Expert Report Deadline (R. Doc. 16) filed by Defendants, Innovative Building Solutions, LLC-Southeast and FCCI Insurance Company ("Defendants"). Plaintiff, Tanae Jackson, opposes the motion,[1] and Defendants filed a reply in support of their motion.[2] For the following reasons, Defendants' motion (R. Doc. 16) is **GRANTED IN PART** and **DENIED IN PART**.

### I. BACKGROUND

This action arises out of injuries Plaintiff allegedly suffered while working at Burger King.[3] Plaintiff alleges she was hit by a falling beam being installed by Defendant Innovative Building Solutions, LLC-Southeast and that she sustained physical injuries to her head, shoulder, neck, arm, and vision, as well as emotional and psychological injuries.[4]

The Scheduling Order in this action was issued on August 30, 2023.[5] Pursuant to the Scheduling Order, Plaintiff's deadline to deliver to counsel for Defendant the expert disclosures and reports required under Federal Rule of Civil Procedure 26(a)(2)(B) and 26(a)(2)(C) was March

---

[1] R. Doc. 19.
[2] R. Doc. 24.
[3] R. Doc. 1-1.
[4] *Id.*
[5] R. Doc. 13.

15, 2024.[6] Defendants' deadline to provide their expert reports and disclosures to Plaintiff was April 15, 2024.[7]

Plaintiff failed to provide any expert reports or disclosures by the March 15 deadline, and Defendants filed the instant motion on April 14, 2024.[8] Defendants ask this Court to prohibit Plaintiff from using any and all expert opinions at trial due to Plaintiff's failure provide any expert reports or disclosures by the required deadline.[9] Alternatively, if the Court denies their motion to preclude Plaintiff from using any expert opinions at trial, Defendants ask that the Court extend their deadline to provide expert reports and disclosures from April 15, 2024, to June 15, 2024.[10]

On April 19, 2024, Plaintiff provided to Defendants her expert disclosure pursuant to Rule 26(a)(2)(C).[11] The disclosure identifies one witness, Dr. Morteza Shamsnia, who Plaintiff contends is one of her treating physicians and who will provide testimony at trial regarding (1) the treatment and care rendered by Dr. Shamsnia and his staff to Plaintiff, (2) medical causation for Plaintiff's injuries, and (3) Plaintiff's need for future medical treatment.[12] In her opposition to Defendants' motion, Plaintiff asks this Court to deny the motion because, although her disclosure was untimely, she argues it was substantially justified or harmless.[13] In addition, Plaintiff avers that Dr. Shamsnia is the only witness Plaintiff plans to call at trial that will provide expert testimony.[14] To the extent Plaintiff calls any of her other treating physicians to testify, she represents that they will provide fact testimony only.[15]

---

[6] *Id.* at 1–2.
[7] *Id.* at 2.
[8] R. Doc. 16.
[9] *Id.*
[10] *Id.* at 1–2.
[11] R. Doc. 19-2.
[12] *Id.* at 2.
[13] R. Doc. 19 at 12–16.
[14] *Id.* at 13.
[15] *Id.* at 17.

Defendants respond to Plaintiff's opposition, arguing three main points.[16] First, Defendants argue that Plaintiff has not shown that her failure to comply with the March 15 deadline was substantially justified or harmless.[17] Second, Defendants contend that Dr. Shamsnia is a retained expert, and, thus, he is required to provide an expert *report* pursuant to Federal Rule of Civil Procedure 26(a)(2)(B).[18] In other words, Defendants contend Plaintiff's Rule 26(a)(2)(C) disclosure as to Dr. Shamsnia's expert testimony is insufficient, regardless of its untimeliness. Third, Defendants re-urge their alternative request for an extension of time to provide their expert reports, but this time Defendants ask for an extension only until May 31, 2024.[19]

## II.   LAW AND ANALYSIS

Federal Rule of Civil Procedure 26(a)(2) governs the parties' disclosure of potential experts and expert testimony. Rule 26(a)(2)(A) requires a party to disclose to the other parties the identity of any witness it may use at trial to present expert testimony.[20] Under Rule 26(a)(2)(B), the disclosure of the identity of any expert witness "must be accompanied by a written report—prepared and signed by the witness—*if the witness is one retained or specially employed to provide expert testimony in the case . . . .*"[21] An expert report provided under Rule 26(a)(2)(B) must include, *inter alia*, "a complete statement of all opinions the witness will express and the basis and reasons for them."[22] *If the expert witness is not required to provide an expert report*, then in addition to the witness's identity, Rule 26(a)(2)(C) requires the party's disclosure to include the subject matter

---

[16] R. Doc. 24.
[17] *Id.* at 2–5.
[18] *Id.* at 5.
[19] *Id.* at 6.
[20] Fed. R. Civ. P. 26(a)(2)(A).
[21] Fed. R. Civ. P. 26(a)(2)(B) (emphasis added).
[22] Fed. R. Civ. P. 26(a)(2)(B)(i).

3

on which the witness is expected to present expert testimony and a summary of the facts and opinions to which the witness is expected to testify.[23]

Pursuant to Federal Rule of Civil Procedure 37(c), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) . . . the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."[24] "It is within the Court's discretion to determine whether a failure to disclose is justified or harmless."[25] To make such a determination, courts generally consider: "(1) the explanation for the failure to disclose; (2) the importance of the evidence; (3) the potential prejudice to the opposing party of admitting the evidence; and (4) the possibility of curing such prejudice by granting a continuance."[26]

Having considered the arguments presented by all parties with respect to the factors courts generally consider for Rule 37(c) purposes, the Court finds that Plaintiff's explanation for her failure to timely provide expert disclosures is lacking, but that Dr. Shamsnia's testimony is highly important to Plaintiff's claims and that the prejudice to Defendants from Plaintiff's untimely disclosure can be cured by granting a continuance of Defendants' expert report deadline to May 31, 2024. In addition, the Court rejects Defendants' argument that Dr. Shamsnia is a "retained expert" such that he was required to prepare an expert report pursuant to Federal Rule of Civil Procedure 26(a)(2)(B). Accordingly, the Court will not preclude Plaintiff from presenting Dr. Shamsnia's expert testimony at trial but will extend Defendants' deadline to provide expert reports until May 31, 2024.

---

[23] Fed. R. Civ. P. 26(a)(2)(C).
[24] Fed. R. Civ. P. 37(c).
[25] *Innovention Toys, LLC v. MGA Ent., Inc.,* No. CV 07-6510, 2010 WL 11538622, at *2 (E.D. La. Sept. 14, 2010).
[26] *Id.* (citing *Betzel v. State Farm Lloyds,* 480 F.3d 704, 707 (5th Cir. 2007)).

### III.   CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendants' Motion *in Limine* to Exclude Plaintiff's Expert Reports and Testimony or, Alternatively, to Extend Defendants' Expert Report Deadline (R. Doc. 16) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that Defendants' deadline to provide expert disclosures and reports pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) and (C) is extended from April 15, 2024, to May 31, 2024.

New Orleans, Louisiana, this 1st day of May 2024.

_____
**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**